UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DELYNNE MURRAY and
ORLANDO MURRAY,

      Plaintiffs,

vs.                                                                 Case No. 12-12452

NEW YORK MORTGAGE COMPANY,                      HON. AVERN COHN
WELLS FARGO BANK, N.A., and
LASALLE BANK NATIONAL ASSOCIATION,

      Defendants.

_____/

**MEMORANDUM AND ORDER**
**DENYING PLAINTIFFS' MOTION TO REMAND (Doc. 8)[1]**


**I. INTRODUCTION**

      This is a mortgage foreclosure case.  Plaintiffs Delynne and Orlando Murray are a

married couple who owned property in Detroit.   On April 12, 2012, plaintiffs sued

defendants Wells Fargo Bank, NA, and New York Mortgage Company, LLC., in Wayne

County Circuit Court, seeking to set aside the sheriff's sale of plaintiffs' property.

Defendants removed the action to federal court on June 6, 2012 based on diversity

jurisdiction (Doc. 1).  Plaintiffs filed an amended complaint, dated July 3, 2012, adding

---

[1] Although this matter was originally scheduled for hearing, upon review of the papers,
the Court deems this matter appropriate for decision without oral argument.  <u>See</u> Fed.
R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Lasalle Bank National Association and Accredited Loan Trust 2004-2 as defendants.[2] Before the Court is plaintiffs' motion to remand.[3]  For the reasons that follow, the motion will be denied.

## II.  BACKGROUND

The factual background is gleaned from the parties' papers.  Plaintiffs owned the real property located at 7333 Faust Avenue, Detroit, Michigan 48228 ("property").  On March 23, 2004, plaintiffs refinanced a mortgage on the property by obtaining a mortgage loan from New York Mortgage Company, LLC ("NYMC") in the amount of $76,522.  NYMC assigned the mortgage and note to Wells Fargo, Bank, N.A. ("Wells Fargo") by executing two separate assignments.  Beginning October 2010, plaintiffs fell behind in payments on the note and failed to bring the loan current.  A sheriff's sale took place on May 4, 2011. Wells Fargo was the highest bidder at the sale.  Before the sale, defendants advertised in the *Detroit Legal News* for four consecutive weeks and posted a notice of foreclosure on the property.  The redemption period expired on November 4, 2011.

---

[2]Plaintiffs' amended complaint contains nine counts, phrased by plaintiffs as follows:

| Count | |
|---|---|
| Count I | Wrongful Foreclosure MCL 600.3204(3) |
| Count II | Slander of Title |
| Count III | Fraudulent Misrepresentation |
| Count IV | Conversion |
| Count V | Defendant Not True Party In Interest |
| Count VI | Violation of MCL 600.2305a |
| Count VII | Accounting |
| Count VIII | Quiet Title |
| Count IX | Breach of Contract |

[3] On July 20, 2012, Defendants filed a motion to dismiss or, in the alternative, for summary judgment (Doc. 9).  Plaintiffs have not yet responded.

### III. STANDARD OF REVIEW

In order to invoke federal court jurisdiction based on diversity of citizenship, the parties must be completely diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.  Procedures after removal from state to federal court are governed by 28 U.S.C. § 1447.  Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."[4] If the Court grants a motion to remand, "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case."  Id.

### IV.  DISCUSSION

Plaintiffs say the Court should remand this case to state court for two reasons.  First, plaintiffs argue that defendants did not timely remove within thirty days.  Second, plaintiffs say the amount in controversy is less than $75,000.  The Court rejects both arguments.

### A.  Timely Removal

A defendant is permitted to remove a case from state to federal court if the case presents a federal question or there is diversity of citizenship.  See 28 U.S.C. § 1441(a). Notice of removal must be filed by the defendant within thirty days of being served with the initial pleading or summons.  28 U.S.C. §§ 1446(b)(1), (2)(B).  The thirty-day time limitation is jurisdictional, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941), and failure to comply with the limitation bars removal to federal court.  See, e.g. Green v. Clark Refining & Mktg., 972 F. Supp. 423, 424 (E.D. Mich. 1997) (citation omitted).  An exception

---

[4] Because plaintiffs seek to remand based on this Court's lack of subject matter jurisdiction, defendants' argument that plaintiffs' motion is untimely has no merit.

3

to the thirty-day time limitation is permissible only where "removability was not ascertainable without information beyond the initial pleading from the plaintiff." Id. (citing McCraw v. Lyons, 863 F. Supp. 430, 433 (W.D. Ky. 1994)).

Here, plaintiffs filed their complaint in Wayne County Circuit Court on April 12, 2012 (Case No. 12-005005-CH) and asked for relief in excess of $25,000.[5]  Plaintiffs say defendants were served with the summons and complaint via registered mail on April 30, 2012.  In support of their position, plaintiffs attach a domestic return receipt containing an illegible date, addressed to "Home Mortgage, Wells Fargo Home Mtg., 800 Walnut, Des Moines, IA 50309," and signed by Lee Spatgen.  Defendants, however, say they did not receive the summons and complaint until May 9, 2012.  In support, defendants attach a document created by Wells Fargo's registered agent, Corporation Service Company, in which the date of service shows as May 9, 2012.

The Court cannot infer that defendants were served on April 12, 2012 simply by relying on plaintiffs' attached return receipt.  First, the date is not legible.  Second, the Court is left to guess what plaintiffs actually sent to the address shown on the return receipt.  Plaintiffs have not provided any credible proof to contest defendants' position that Wells Fargo was served on May 9, 2012.

Defendants removed to this Court on June 6, 2012, twenty-eight days after being served.  Accordingly, plaintiffs' argument that defendants did not timely remove lacks merit.

---

[5] Under Michigan Court Rules, a plaintiff may not state a specific amount of relief if the claim is not for a "sum certain or a sum that can by computation be made certain." M.C.R. 2.11(B)(2).  Rather, to satisfy Michigan's circuit court jurisdictional requirement, a plaintiff must state that damages sought exceed $25,000.

### B.  Amount in Controversy

The threshold dollar amount to establish the amount-in-controversy requirement and invoke federal court jurisdiction based on diversity of citizenship is $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  A removing defendant bears the burden of satisfying the amount-in-controversy requirement.  Gafford v. Gen. Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993), abrogated on other grounds in Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010).  "Normally, 'the sum claimed by the plaintiff[s] controls,' but where plaintiffs seek 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000."  Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006) (internal citations omitted).[6]  The amount-in-controversy is based on the claims in the complaint at the time of removal.  Id.

When a party seeks equitable relief, the amount-in-controversy is measured "by the value of the object in the litigation."  Northup Props., Inc. v. Chesapeake Appalachia, LLC, 567 F.3d 767, 770 (6th Cir. 2009) (citations omitted).  The majority of courts that have determined the value of property in the context of mortgage foreclosures have applied a fair-market value test.  See Bobel v. Met. Life Homes, Inc., No. 11-10574, 2011 WL 1831741, at *2 (E.D. Mich., May 13, 2011) (collecting cases).  Courts are split, however, on whether to use the bid for the property at the sheriff's sale to determine fair-market value.  Compare Bobel, 2011 WL 1831741, at *3 (using sheriff's sale price of $216,750 and

---

[6] Courts in this district have found the amount-in-controversy "more likely than not" exceeds $75,000 in cases where damages were unspecified in the complaint.  See, e.g. Green, 972 F. Supp. at 425 (personal injury case); Milter v. Wright Med. Grp., Inc., No. 11-11353, 2011 WL 4360024, at *3 (E.D. Mich. Sept. 19, 2011) (same).

$297,410.64 amount of mortgage loan to find amount-in-controversy requirement satisfied) and Meredith v. Mae, No. 11-11866, 2011 WL 2456630, at *1 (E.D. Mich., June 13, 2011) (sheriff's sale price was $303,881.66 and indebtedness was $304,050), with Golden v. Wells Fargo Bank, N.A., No. 11-15558, 2012 WL 1130547 (E.D. Mich., Apr. 4, 2012) (refusing to use sheriff's sale as fair-market value when purchaser owned mortgage) and McGhee v. Citimortgage, Inc., No. 11-13665, 2011 WL 6736572, at *2 (E.D. Mich., Dec. 19, 2011) (using comparative market analysis to determine fair-market value).  Some courts take a minority position and conclude that the amount-in-controversy is the amount owed on the mortgage loan.  Bobel, 2011 WL 1831741, at *3 (collecting cases).

To determine fair-market value, "the court measure[s] value 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.' " Golden, 2012 WL 1130547, at *2 (citing Smith v. Nationwide Prop. & Case. Ins. Co., 505 F.3d 401, 407 (6th Cir. 2007)).  Fair-market value is determined by ascertaining "the amount at which property would change hands between a willing [buyer] and a willing [seller]. . . ." Id. (quoting Razavi v. Comm'r of Internal Revenue, 74 F.3d 125, 127 (6th Cir. 1996).  Accordingly, the best indication of a property's fair-market value is a comparative market analysis showing the price willing buyers will pay for comparable property.  In cases where the sheriff's sale price was used as the fair-market value, the sale price far exceeded the $75,000 amount-in-controversy requirement.  Id.

Here, the Court looks to plaintiffs' original complaint to determine whether removal is proper.[7]  Plaintiffs originally brought suit against NYMC and Wells Fargo.  Plaintiffs asked

---

[7] At the time defendants removed to this Court, plaintiffs had not yet filed their first amended complaint.  Because the amount-in-controversy is based on the claims in the

for the following relief:

> a. That the Court set aside the foreclosure proceeding;
> b. That this Court order Defendant Wells Fargo to commence a fair and honest loan modification process;
> c. That this Court consider this complaint for the immediate issuance of a Temporary Restraining Order, ordering a stay of all foreclosure proceedings including transfer of title;
> d. Order Defendants to identify the person who has physical possession of the Note, who claims to have right to receive payments and who can enforce the Note;
> e. That this Court order any other relief which this Court deems fair, reasonable and just;
> f. This Court award Plaintiff costs and attorneys fees.

Defendants have represented to the Court that the highest bid at the sheriff's sale was $74,797.06, and at the time of removal to this Court, plaintiffs' loan from Wells Fargo was past due in the amount of $75,691.60. Plaintiffs do not contest either of these amounts. Plaintiffs, however, say that the value of the property at the time of removal should govern as the amount-in-controversy. In support of this position, plaintiffs do not provide the Court with any figures which establish the property's fair market value at the time of removal. Plaintiffs fail to provide the Court with ascertainable data, such as a comparative market analysis. Thus, the best indication of the property's fair-market value currently before the Court is the highest bid at the sheriff's sale.

In order to satisfy the amount-in-controversy requirement where a plaintiff seeks an unspecified amount, the defendant must prove that the amount-in-controversy "more likely than not" exceeds $75,000.   Everett, 460 F.3d at 822. Under these circumstances, the Court finds that it is more likely than not plaintiffs' original compliant sought damages in

---

complaint at the time of removal, see Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006), the original complaint governs removal of the case.

excess of $75,000.  Without comparative market analysis data or any other evidence of the property's value at the time of removal, it is more likely than not that the relief requested was in excess of $75,000.   Accordingly, defendants have satisfied their burden in establishing the amount-in-controversy requirement and removal is proper.

## V.  CONCLUSION

For the reasons above, plaintiffs motion to remand is DENIED.[8]

SO ORDERED.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  September 12, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 12, 2012, by electronic and/or ordinary mail.


 S/Julie Owens
Case Manager, (313) 234-5160

---

[8] Given this determination, plaintiffs shall file a response to defendants motion within 30 days.

8