UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELYNNE MURRAY and
ORLANDO MURRAY,

    Plaintiffs,

vs.                                                                                       Case No. 12-12452

NEW YORK MORTGAGE COMPANY,               HON. AVERN COHN
and WELLS FARGO BANK, N.A., and
LASALLE BANK NATIONAL ASSOCIATION
ACTING AS TRUSTEE FOR ACCREDITED
LOAN MORTGAGE LOAN TRUST 2004-2,

    Defendants.
_____/

**MEMORANDUM AND ORDER
GRANTING DEFENDANT WELLS FARGO BANK, N.A.'s MOTION TO DISMISS OR
FOR SUMMARY JUDGMENT (Doc. 9)
AND
DISMISSING CASE**[1]

**I. Introduction**

This is another one of many cases pending in this district involving a default on a mortgage and subsequent foreclosure proceedings. As will be explained, the property has been foreclosed upon and the redemption period has expired. Nevertheless, plaintiffs believe they have a right to the property. Plaintiffs Delynne and Orlando Murray are suing defendants New York Mortgage Company (New York), Wells Fargo Bank, N.A. (Wells Fargo), and LaSalle Bank National Association acting as Trustee for

---

[1]Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Accredited Loan Mortgage Loan Trust 2004-2 (LaSalle),[2] making several claims relating to their mortgage and subsequent foreclosure proceedings. Specifically, the amended complaint asserts the following claims:

| | | |
|---|---|---|
| Count I | Wrongful Foreclosure MCL 600.3204(3) | |
| Count II | Slander of Title | |
| Count III | Fraudulent Misrepresentation | |
| Count IV | Conversion | |
| Count V | Defendant Not True Party In Interest | |
| Count VI | Violation of MCL 600.2305a | |
| Count VII | Accounting | |
| Count VIII | Quiet Title | |
| Count IX | Breach of Contract | |

Before the Court is Wells Fargo's motion to dismiss or for summary judgment. For the reasons that follow, the motion will be granted and the case will be dismissed.

## II. Background

Plaintiffs owned real property located at 7333 Faust Avenue, Detroit, Michigan 48228 ("property"). On March 23, 2004, plaintiffs refinanced a mortgage on the property by obtaining a mortgage loan from New York Mortgage Company, LLC ("NYMC") in the amount of $76,522. As security for the loan, plaintiffs granted NYMC a mortgage on the

---

[2]The complaint was filed on April 12, 2012 in state court. New York Mortgage Company has not been served nor have plaintiffs taken any action to serve New York Mortgage Company. Regarding LaSalle, plaintiffs added it as a party in the amended complaint filed on July 3, 2012. A summons was issued for LaSalle on July 5, 2012. To date, it has not been returned, nor have plaintiffs taken any other action to effectuate service on LaSalle. The time for service has expired as to both defendants. Accordingly, New York Mortgage Company and LaSalle are DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. 4(m). See also E.D. Mich. LR 41.2.

property.  NYMC assigned the mortgage and note to Wells Fargo, Bank, N.A. ("Wells Fargo") by executing two separate assignments, both dated March 23, 2004.

Beginning October 2010, plaintiffs fell behind in payments on the note and failed to bring the loan current.  Wells Fargo then initiated foreclosure by advertisement proceedings.  To this end, Wells Fargo's agent advertised in the Detroit Legal News for four consecutive weeks and posted a notice of foreclosure on the property.  A sheriff's sale took place on May 4, 2011.  Wells Fargo purchased the property at the sale for $74,797.06.  The redemption period expired on November 4, 2011.  Plaintiffs did not redeem.

Instead, several months later, on April 12, 2012, plaintiffs filed a complaint in state court and obtained a temporary restraining order preventing any eviction proceedings.[3]  Wells Fargo removed the case to federal court[4] and eventually filed the instant motion to dismiss.

### III.  Legal Standard[5]

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  See also Ass'n of Cleveland Fire Fighters v. City of

---

[3]Plaintiffs continue to reside at the property.

[4]Plaintiffs filed a motion to remand on the grounds that the amount in controversy requirement was not satisfied.  The Court denied the motion.  (Doc. 15).

[5]Although Wells Fargo has also moved for summary judgment under Fed. R. Civ. P. 56, the Court will dispose of the case under Rule 12(b)(6).

Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007). Here, the Court has considered documents relating to the mortgage and the foreclosure which are referenced in the complaint and central to plaintiffs' claims.

### IV. Analysis

### A. Summary of Plaintiffs Claims

As noted above, the amended complaint asserts nine claims. The claims are summarized as follows. In Court I, – "Wrongful Foreclosure" – plaintiffs allege that Wells Fargo violated M.C.L. § 600.3204(3) because there was a break in the chain of

title based on the underlying assertion that the execution of two separate assignments of the mortgage indicates Wells Fargo must have reassigned the mortgage to the loan Originator, and this allegedly undocumented assignment does not appear in the chain of title.  In Count – "Slander of Title" – plaintiffs allege the two separate mortgage assignments render both assignments from NYMC to Wells Fargo a "nullity" because "they attempt to pass the same mortgage between the same parties while the note was always held by a securitized REMIC trust."  In Count III – Fraudulent Misrepresentation – plaintiffs allege that "Wells Fargo misrepresented that it is the owner/servicer/holder of the Note and Mortgage."  In Count V – Conversion – plaintiffs allege that Wells Fargo has "worked to convert Plaintiffs' Note in order to receive payments from Plaintiffs and acquire Plaintiffs' property."  In Count V – "Not True Party In Interest" – plaintiffs allege that Wells Fargo does not have the legal right to enforce the note and mortgage because it is not the holder in due course.  In Count VI – Violation of M.C.L. § 600.3205a et seq. – plaintiffs allege that Wells Fargo failed to comply with M.C.L. § 600.3205a(1)(c) because it did not actually have authority to modify the note or mortgage, rather only some unnamed "investor" had that authority.  In Count VII – Accounting – plaintiffs allege that Wells Fargo inflated escrow costs and accepted "payments from Plaintiffs without crediting the same to their account," and "owes Plaintiff (sic) the obligation to account for any and all payments made but not credited to their account."  In Count VIII – Quiet Title – plaintiffs allege that the mortgage is invalid under M.C.L. § 555.5 because title to the Property is part of "a passive REMIC trust."  Finally, in Count IX – Breach of Contract – plaintiffs allege that Wells Fargo violated the covenant of good faith and fair dealing by virtue of (a) the NYMC improperly assigning

the note and mortgage, (b) not being able to show ownership of the note and mortgage, and (c) not considering plaintiffs in good faith for a modification of the note and mortgage.

### B. Expiration of the Redemption Period

Wells Fargo first argues that all of plaintiffs' claims should be dismissed because the redemption period following the foreclosure of the mortgage has expired; plaintiffs therefore lack the right to bring any claim regarding the validity of the foreclosure. The Court agrees.

Following foreclosure, the rights and obligations of the parties are governed by statute. Senters v. Ottawa Sav. Bank, FSB, 443 Mich. 45, 50-53 (1993). Upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" in the property. See M.C.L. § 600.3236; Piotrowski v. State Land Office Bd., 302 Mich. 179, 187 (1942).

Here, Chase purchased the property at a foreclosure sale on August 18, 2011. Bragg's right redeem expired on February 18, 2012. Because Bragg, or any of the plaintiffs, failed to redeem the property before the redemption period expired, Chase became vested with "all the right, title, and interest" in the property by operation of law. At that point, Bragg, the former owner, lost the ability to assert claims with respect to the property. See Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at * 1 (Mich. Ct. App. May 28, 2009) (unpublished opinion).

The Michigan Court of Appeals recently reaffirmed the holdings in Overton and Mission of Love in Awad v. General Motors Acceptance Corp., No. 302692, 2012 WL 1415166 (Mich. Ct. App. Apr. 24, 2012). In Awad, the statutory redemption period

expired on November 26, 2010. Plaintiff failed to redeem the property and, instead, she filed suit just prior to the expiration of the redemption period. Defendant moved for summary disposition, and the trial court granted defendant's motion on the ground that plaintiff lacked standing to challenge the foreclosure sale. On appeal, the Michigan Court of Appeals affirmed, adopting the reasoning of Overton and Mission of Love. The court of appeals confirmed that once the redemption period expires, "all of [plaintiff's] rights in and title to the property were extinguished" and plaintiff "therefore, lost her standing to sue." Id.

Courts in this district have similarly held that the expiration of the redemption period extinguishes a plaintiff's right to sue with regard to the property. See, e.g. Collins v. Wickersham, --- F. Supp. 2d ----, 2012 WL 995208, at *3 (E.D. Mich. 2012), Kama v. Wells Fargo Bank, No. 10-10514, 2010 WL 4386974, at *2 (E.D. Mich. Oct. 29, 2010); Smith v. Wells Fargo Home Mortgage, Inc., No. 09-13988 (E.D. Mich. Aug. 16, 2010); Moriarty v. BNC Mortgage, et al, No. 1013860 (E.D. Mich. Dec. 15, 2010). Although one court in another district has concluded otherwise, see Langley v. Chase Home Finance, LLC, 2011 WL 1130926 (W.D. Mich. Mar. 28, 2011), the Court is satisfied that once the redemption period has expired, a plaintiff lacks the right to challenge the foreclosure proceedings.

Moreover, even if plaintiffs could challenge the foreclosure proceedings, the Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." United States v. Garno, 974 F. Supp. 628, 633 (E.D. Mich. 1997), citing Detroit Trust Co. v. Agozzinio, 280 Mich. 402, 405-06 (1937). Moreover, the alleged fraud or

irregularity must be with regard to the sale procedure itself.  See Reid v. Rylander, 270 Mich. 263, 267 (1935) (holding that a borrower is limited to validity of the foreclosure sale procedures, not the note, mortgage or other underlying instruments, or the capacity of the foreclosing party).

Here, plaintiffs have not alleged a strong showing of fraud or irregularity sufficient to unwind the sheriff's sale.  Plaintiffs do not allege any defect in the foreclosure procedure.  Even if plaintiffs were somehow entitled to sue with respect to the property, none of the counts of the complaint allege viable claims, as will be explained below.

### C.  Plaintiffs' Claims

#### 1.  Count I

In Count I, plaintiffs seek to set aside the Sheriff's deed by insisting that the existence of two assignments of the Mortgage indicates there was an assignment from Wells Fargo back to NYMC before the second mortgage assignment (Amended Complaint at ¶ 31).  Plaintiffs insist that "for [NYMC] to have any rights to grant Wells Fargo the mortgage 'together with the note' in the second assignment it would have to show an assignment to it after March 23, 2004 and prior to the second assignment." Amended Complaint at ¶ 32.

This claims fails because the two assignments of the mortgage did not create a break in the chain of title.  On March 23, 2004, the note and mortgage were assigned from NYMC to Wells Fargo.  It is undisputed that the mortgage was assigned twice by virtue of the execution of two separate assignments.  The existence of two assignments of the Mortgage, however, does not create a break in the chain of title.  Effective March 23, 2004, an assignment of the mortgage was executed, and later recorded, showing a

transfer of the mortgage from NYMC to Wells Fargo. Effective March 23, 2004, a different assignment of the mortgage was executed, and later recorded, also (but unnecessarily) showing a transfer of the mortgage from NYMCor to Wells Fargo. Both assignments convey the mortgage from NYMC to Wells Fargo. There is no conflict between the assignments. The legal effect of both of the assignments is same: NYMC transferred its interest in the mortgage to Wells Fargo and this transfer was of record. Plaintiffs' unsupported allegations in paragraphs 16 and 19 of the Amended Complaint -- that the signatories of the assignments did not have authority to execute them – along their assertion that there was a transfer back to the NYMC in paragraph 31 showing a break in the chain of title – aside from being speculative, are irrelevant.

M.C.L. § 600.3204(3) requires only that a record chain of title exist prior to the date of sale. Here, there the record chain of title shows conclusively that the mortgage was assigned from NYMC to Wells Fargo as the foreclosing party. The fact that there were two assignments to Wells Fargo matters not. Count I therefore fails to state a viable claim.[6]

### 2. Count II

In Count II, plaintiffs seek to set aside the Sheriff's deed based on a claim for slander of title. This claim is not plausible. Setting aside of a Sheriff's deed is not relief

---

[6]Plaintiffs also lack standing to challenge any assignment of the mortgage between NYMC and Wells Fargo or vice versa. See, e.g., Livonia Properties Holdings, LLC v. Farmington Road Holdings, LLC, 399 Fed. Appx.97, 2010 WL 4275305, *102 (6th Cir. 2010); and Stein v. U.S. Bancorp, 2011 WL 740537 (E.D. Mich. 2011) (plaintiffs' standing to challenge whether the foreclosing party held record chain of title as of the date of the foreclosure sale was limited to an examination of the public records).

available under a slander of title theory. Moreover, plaintiffs cannot establish any of the elements required to proceed on their slander of title claim. Slander of title is a tort relating to real property. One with an interest in real property can recover damages against another that maliciously makes a false statement affecting title to real property where special damages result. Michigan Nat'l Bank-Oakland v Wheeling, 165 Mich. App. 738, 744 (1988). However, the relief that can be afforded to a plaintiff is limited to special damages. Patten Corp. v. Canadian Lakes Development Corp., 788 F.Supp. 975, 979 (W.D. Mich. 1991). Setting aside a Sheriff's deed is not a remedy available remedy available or awarded in a slander of title case.

Moreover, plaintiffs' only allegation of a "false statement" is that the foreclosure notices contained information regarding the assignments of the mortgage, which were untrue because the assignments were ineffective since there was a break in the chain of title. See Amended Complaint at ¶ 42 (incorporating by reference Plaintiffs' previous allegations). This assertion is unsound. The mortgage was properly assigned to Wells Fargo. Wells Fargo simply cannot be said to have slandered title by making statements that (a) were true, and (b) it was required to make to comply with the requirements of the foreclosure by advertisement statute. See M.C.L. § 600.3212. Wells Fargo's actions also were neither malicious, nor caused plaintiffs any loss. Thus, Count II must be dismissed.

### 3. Count III

In Count III, plaintiffs allege "Wells Fargo made material representations that it's the owner/servicer/holder of the note and mortgage and has right to seek payment for same" and "Wells Fargo has made this representation knowing that it was false."

Amended Complaint at ¶¶ 56–57.

This claim fails to satisfy the requirements under Iqbal and Fed. R. Civ. P. 9(b). Plaintiffs have not alleged what specific misrepresentation it allegedly made – it is unclear whether Wells Fargo allegedly misrepresented that it was the servicer of the note and mortgage, or whether Wells Fargo allegedly misrepresented that it was the holder of the note and mortgage, or whether Wells Fargo allegedly misrepresented that it was the mortgagee.  It cannot be discerned from the amended complaint when this alleged misrepresentation was made, in what medium it was made, who specifically made it, where it was made, or how it caused harm to plaintiffs.  Put simply, plaintiffs have not alleged any facts that put Wells Fargo on notice as to who made the statements or when the statements were made.  Count III therefore fails to state a claim upon which can be granted and must be dismissed.

### 4.  Count IV

In Count IV, plaintiffs seek to set aside the Sheriff's deed on a theory of conversion under M.C.L. § 440.3420 (making the law of conversion of personal property generally applicable to instruments).  The substance of the claim is as follows:

> 64.   Defendants have worked to convert Plaintiffs' note and instrument in order to receive payments from Plaintiffs and acquire Plaintiffs' property

Putting aside that this allegation fails to meet the standard under Iqbal, it is not clear whether Wells Fargo or NYMC is alleged to have converted the note.  It is also not clear what action was taken, who allegedly took the action, or how this alleged action resulted in a conversion of the note.  Moreover, Wells Fargo was assigned the note from NYMC.  Wells Fargo therefore could not have "converted" the note it already owned.  Finally, plaintiffs lack standing to enforce the right to receive payment under the

note.  That right belonged to NYMC and now Wells Fargo.  Finally, the conversion claim should also be dismissed because M.C.L. § 440.3420 expressly excludes plaintiffs, as obligors under the note, from seeking relief for the alleged conversion of the Note. M.C.L. § 440.3420(1) provides:

> The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment. <u>An action for conversion of an instrument may not be brought by (I) the issuer or acceptor of the instrument or (ii) a payee or endorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee.</u>

M.C.L. § 440.3420(1) (emphasis added).  Plaintiffs are the obligors, or issuers under the Note.  The note is an obligation to them.  It is not an asset or "property" to them.  Therefore, they cannot bring a claim under §3420.  <u>See</u> Comment 1 to M.C.L. § 440.3420.  Count IV must therefore be dismissed.

### 5.  Count V

In Count V, plaintiffs say that the Sheriff's deed should be set aside because Wells Fargo is not a holder in due course, and therefore does not have the legal right to enforce the note and mortgage.  This claim does not state a plausible claim for relief. "Holder in due course" is a legal term that is part of Article 3 of the Uniform Commercial Code.  In Michigan, the statutory definition of a holder in due course is set forth in M.C.L. § 440.3302:

> 1) Subject to subsection (3) and section 3106(4), "holder in due course" means the holder of an instrument if both of the following apply:
> (a) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity.
> (b) The holder took the instrument (I) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an

incurred default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in section 3306, and (vi) without notice that any party has a defense or claim in recoupment described in section 3305(1).9

Here, the note was endorsed to Wells Fargo. There is no assertion that the note was forged, or bore any indication that called its authenticity into question. There is also no suggestion that Wells Fargo did not pay the NYMC value, failed to act in good faith, or could have had any notice of some defect of the note. Nor is there any suggestion of an acquisition of the note through an insolvency proceeding, bulk transaction or successor-in-interest transaction. From all indications in the record, Wells Fargo is a holder in due course. Several courts in this district have held that the alleged failure to be a "holder in due course" is not a valid basis to set aside a completed foreclosure. See, e.g., Schare v. Mortgage Electronic Registration Systems, Inc., 2012 WL 2031958, 2 (E.D. Mich. 2012) ("There is no Michigan statutory requirement that to foreclose by advertisement the underlying note evidencing the indebtedness had to be endorsed to MERS or that MERS be a holder or holder-in-due-course of the note."); Crews v. Fannie Mae, 2012 WL 642067 at *5 (E.D. Mich. Feb. 8, 2012) report and recommendation adopted, 2012 WL 639327 (E.D. Mich., Feb. 28, 2012 ("There is no requirement that the defendants produce the original note or be a holder in due course of the note."); Smith v. MERS, 2011 WL 4469148, at *9 (E.D. Mich. Aug.4, 2011), report and recommendation adopted, 2011 WL 4479481 (E.D.Mich. Sept.27, 2011) ("Moreover, nothing in Michigan's foreclosure by advertisement statute, Mich. Comp. Laws § 600.3204 requires that a named mortgagee be a holder in due course of the note."); Hilmon v. MERS, 2007 WL 1218718 (E.D. Mich. April 23, 2007) ("Contrary to Plaintiff's

assertion, nothing in section 600.3204 requires a named mortgagee to be a holder in due course of the note. See Mich. Comp. Laws § 600.3204"). Count V must be dismissed.

### 6. Count VI

In Count VI, plaintiffs seek to set aside the Sheriff's deed based on an alleged violation of M.C.L. § 600.3205a. Plaintiffs allege that:

> 74. M.C.L. § 600.3205a(1)(c) requires that the foreclosing entity designate a person authorized to enter into loan modification agreements, and notify the borrower of the identity of such person so that the borrower may contact same to attempt to work out a loan modification.
> 75. However, the only party with authority to modify the loan is the investor who owns same which is not Defendant Wells Fargo, the foreclosing party due to a lack of ownership.
> 76. This failure of a condition precedent precludes foreclosure in this case and no foreclosure may occur unless and until the foreclosing entity begins the foreclosure process anew and properly identified the person identified to grant loan modifications as required by M.C.L. § 600.3205a (1)(c) (sic).

This claim does not state a plausible claim for relief. There is no "investor" here. Wells Fargo is the holder of the note and as the mortgagee of record. The statute only requires that the foreclosing party designate the name, address, and telephone number of an agent that will be the contact person of the mortgage holder, or mortgage servicer, to discuss a potential modification. See M.C.L. § 600.3205a(1)(a)–(c).

Wells Fargo was the mortgagee of record and Wells Fargo appointed its foreclosure counsel, Trott & Trott, to act as its agent under the statute to discuss a potential modification. It therefore fulfilled the requirements of M.C.L. § 600.3205a(1)(a)–(c). Another court in this district has rejected a similar claim. See Talton v. BAC Home Loans Servicing LP, 839 F.Supp.2d 896, 909 (E.D. Mich., 2012) (holding that Trott & Trott, when designated, is a valid agent under the statute under

section 600.3205a(1)(c), based on identical facts).

Moreover, plaintiffs do not allege that they complied with their requirements under §3205a–c to request a modification meeting, despite the opportunity to do so. Courts in this district have frequently held that where a defaulted mortgagor did not timely request a modification meeting under §3205a–c, he or she could not seek to challenge a foreclosure based on foreclosing party's alleged failure to comply with §3205a–c. See Id.; Tawfik v. BAC Home Loans Servicing, LP, No. 11–12590, 2011 WL 6181441, at *4 (E.D.Mich. Dec. 13, 2011); Galati v. Wells Fargo Bank, No. 11–11487, 2011 WL 5178276, at *5 (E.D.Mich. Nov. 1, 2011); Carl v. BAC Home Loans Servicing, LP, No. 11–11255, 2011 WL 3203086, at *3 (E.D.Mich. July 27, 2011).

### 7. Count VII

In Count VII, plaintiffs allege that the Sheriff's deed should be set aside under the theory of an accounting. Plaintiffs allege that Wells Fargo inflated escrow costs and did not credit plaintiffs for all payments made under the note. See Amended Complaint at ¶ 79.

An action for an accounting is equitable in nature. Marshall v. Ullmann, 335 Mich. 66, 71 (1952). In Laubengayer v. Rohde, 167 Mich. 605, 611 (1911), the Michigan Supreme Court explained:

> To sustain a bill for an accounting there must be mutual demands, a series of transactions on one side, and payments on the other. Where all the items are on one side, there can be no accounting. The bill shows no items of which the complainant is not fully informed, and the only items involved are the money complainant paid for the land and money expended by him in its improvement."

An accounting is also unnecessary where discovery is sufficient to determine the amounts at issue. Cyril J Burke, Inc. v. Eddy & Co. Inc., 332 Mich. 300, 303 (1952).

Plaintiffs' accounting claim fails.  Wells Fargo does not owe plaintiffs any money.  Indeed, plaintiffs owe Wells Fargo payments under the note.  Plaintiffs do not dispute that they failed to repay the loan.  The Amended Complaint contains no allegation of a series of mutual demands.  To the extent plaintiffs want to know how much they have paid under the note and mortgage, discovery could easily allow for the calculation of such figures.  Plaintiffs' accounting claims must be dismissed.  See Kovacs v. JPMorgan Chase & Co., Inc., 2010 WL 259049, 5 (E.D. Mich., 2010) (dismissing accounting claim on similar facts).

### 8. Count VIII

In Count VIII, plaintiffs, under a "quiet title" theory, seek to set aside the Sheriff's deed on the basis that title to the property is held by a trustee for a passive REMIC trust and as an operation of law under M.C.L. § 555.5, the Sheriff's Deed is invalid. This claim must also be dismissed.  Even if the note and mortgage were "securitized and transferred into a trust at some unspecified time or another, any such transfer has no impact on the validity of the mortgage, or on the power of the mortgagee to foreclose."  Leone v. Citigroup, Inc. 2012 WL 1564698, 3 (E.D. Mich., 2012).[7]  Count VIII must therefore be dismissed.

### 9. Count IX

In Count IX, plaintiffs seek to set aside the Sheriff's deed on the basis that Wells Fargo violated the covenant of good faith and fair dealing implied by virtue of (a) NYMC improperly assigning the note and mortgage, (b) not being able to show ownership of the Note and Mortgage so as to "justify a taking of the Property," and (c) not considering

---

[7] Plaintiffs also assert this same securitization argument in Counts I and II.

Plaintiffs in good faith for a modification of the note and mortgage.

This claim fails. First, Michigan law "does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." <u>Fodale v. Waste Management of Michigan, Inc</u>, 271 Mich. App. 11, 35 (2006) (citing <u>Belle Isle Grill Corp. v. Detroit</u>, 256 Mich. App. 463, 476 (2003)). Second, even if there was such a cause of action, Wells Fargo did not engage in any of the misconduct alleged in Count IX. With respect to participating in and allowing improper assignments of the note and mortgage, the mortgage expressly provides in paragraph 12 that "the covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower." Wells Fargo, as assignee, could not participate in or allow, "improper" assignments because plaintiffs previously authorized such assignments. With respect to Wells Fargo supposedly failing to disclose that it lacked ownership in the note or mortgage, this allegation is without merit because Wells Fargo owns the note and mortgage.

Finally, to the extent plaintiffs allege that Wells Fargo allegedly failing to act in good faith in considering plaintiffs for a loan modification, plaintiffs do not plead any necessary facts such as (I) that plaintiffs sought a modification, (ii) how and through what methods plaintiffs sought a modification, (iii) how Wells Fargo failed to "act in good faith" in any request for a loan modification, or (iv) what body of law makes the consideration of a loan modification incumbent on Wells Fargo in this case.

Overall, Count IX fails to state a viable claim for relief.

## V. Conclusion

For the reasons stated above, Wells Fargo's motion to dismiss is GRANTED.

This case is DISMISSED.

SO ORDERED.

                                         s/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE

Dated: November 16, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 16, 2012, by electronic and/or ordinary mail.

                                         s/ Julie Owens
                                         Case Manager, (313) 234-5160